HOLLINS et al. v. HUBBARD et al.

(Supreme Court, Appellate Division, First Department.    March 10, 1899.)

ESTOPPEL—EVIDENCE.
    Where estoppel must rest on knowledge of defendants that plaintiffs would take action relying on a letter, it cannot be established by absence of evidence that defendants had no knowledge that they would act in reliance thereon.
    Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Harry B. Hollins and others against Samuel T. Hubbard, Jr., and others. From judgment on a verdict directed for defendants, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Herbert Barry, for appellants.
W. D. Guthrie, for respondents.

VAN BRUNT, P. J. Notwithstanding the claim upon the part of the appellants that there are differences in the facts presented to the court upon the present appeal which make the decision of this case upon the previous appeal (36 N. Y. Supp. 846) inapplicable, we are not able to see that there has been any change which affects the principles upon which the previous decision was founded. The form of the letter which is claimed to be a delivery order was not

the point upon which the decision turned, as an examination of that case would show. And even if it were, as far as the legal aspects of the case are concerned, the facts remain precisely the same as they were, with the exception that there was affirmative evidence that the letter from C. Green's Son & Company to the defendant was not a delivery order in the usual form in use among merchants; there being no evidence whatever in the present case upon that subject. Consequently, there is nothing to indicate to the court that it was such delivery order. The further point that there is no evidence now contained in the record that the defendants had no knowledge or notice that Hollins & Co. would take any action relying upon this letter in no way makes any material difference, because, in order to create an estoppel, the evidence must establish the facts upon which such estoppel rests.

We think the judgment appealed from should be affirmed, with costs, upon the opinion on the previous appeal. All concur, except INGRAHAM, J., dissenting.